IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JLX Solutions, LLC, | ) | C/A No. 6:25-cv-12978-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Allstate Sales Group, Inc.; Anthony Tepedino; Gerald DiTrolio; Nimesh Shah, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Allstate Sales Group, Inc. ("ASG"), Nimesh Shah, and Anthony Trepedino's partial motion to dismiss and Defendant Gerald DiTrolio's motion to dismiss. ECF Nos.12, 16. No responses were filed. For the reasons set forth below, the motions are granted.

## ALLEGATIONS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

The initial portions of the motions to dismiss concern personal jurisdiction over the Defendants Shah, Trepedino, and DiTrolio ("the Individual Defendants"). Accordingly, the Court begins with a discussion of the allegations made against them in the complaint. Plaintiff alleges that the Individual Defendants are residents of New Jersey who were conducting business in Greenville County, South Carolina. ECF No. 1-1 at 3–4. He contends that ASG violated S.C. Code Ann. § 29-7-10 "at the direction of" the Individual Defendants. *Id.* at 4. Plaintiff asserts that the Individual Defendants, "as officers of ASG, owed a duty to Plaintiff to pay Plaintiff out of the monies ASG received in payment for the work Plaintiff performed." *Id.* at 6. He further asserts that the Individual Defendants had

a duty to act in good faith and with due regard to the interests of Plaintiff and that they breached their fiduciary duties to Plaintiff by directing payment away from him. *Id.* Plaintiff continues that "as a direct and proximate result of [the Individual Defendants'] breach of their fiduciary duties and breach of trust, Plaintiff has suffered actual, consequential and special injuries, including attorney's fees." *Id.* Plaintiff asserts that "[u]pon information and belief [the Individual Defendants'] conduct was willful and so outrageous as to warrant an award of punitive damages." *Id.* Plaintiff alleges the Individual Defendants converted the funds received for their own use without express or implied permission from Plaintiff. *Id.* at 7. Finally, Plaintiff alleges that all Defendants "combined, agreed, and conspired with one another to knowingly use the monies ASG received in payment for the work Plaintiff performed" and that they acted "with the express intention of enriching themselves and causing harm to Plaintiff . . . ." *Id.*

## APPLICABLE LAW

### *Rule 12(b)(2)*

When "a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge.'" *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "If the existence of jurisdiction turns on disputed factual questions[,] the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs,* 886 F.2d at

2

676. When a defendant challenges the Court's personal jurisdiction under Rule 12(b)(2) after discovery has been conducted and the relevant evidence has been presented to the Court, the plaintiff has the burden of proving that jurisdiction exists by a preponderance of the evidence. *In re Celotex Corp.*, 124 F.3d at 628; *Grayson v. Anderson*, 816 F.3d 262, 269 (4th Cir. 2016). "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). Additionally, "'[i]n reviewing the record before it, a court may consider pleadings, affidavits, and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment.'" *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306 (D.S.C. 1992) (quoting *VDI Techs. v. Price*, 781 F. Supp. 85, 87 (D.N.H. 1991)).

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A). Thus, "for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. of First Church of Christ, Sci. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citing *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 134 (4th Cir. 1996)).

South Carolina's long-arm statute provides as follows:

3

> A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803(A). "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (citations omitted). "Consequently, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'" *Id.* (quoting *Stover*, 84 F.3d at 135–36). The central constitutional question the Court must address is whether the defendant has established "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Viewed through this constitutional lens, personal jurisdiction may arise through specific jurisdiction, which is based on the conduct alleged in the lawsuit, or through general jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285,

4

292 n.15 (4th Cir. 2009).  Under general jurisdiction, when a defendant has "continuous and systematic" contacts with the forum state, the defendant "may be sued in [the forum] state for any reason, regardless of where the relevant conduct occurred."  *Id.* (citations omitted).  When the defendant is a corporation, "general jurisdiction requires affiliations 'so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State,' *i.e.*, comparable to a domestic enterprise in that State."  *Daimler AG v. Bauman*, 571 U.S. 117, 159 n.11 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

### General Jurisdiction

In recent years, the Supreme Court has significantly narrowed the reaches of general personal jurisdiction.  In *Daimler AG v. Bauman*, the Supreme Court clarified that general jurisdiction over corporate defendants will only exist in three circumstances: (1) in the forum where the defendant is incorporated; (2) in the forum where the defendant has its principal place of business; and (3) in a forum where a "corporation's affiliations with the [forum] are so continuous and systematic as to render [it] essentially at home in the forum State."  571 U.S. 117, 138–39 (2014) (internal quotations omitted).

### Specific Jurisdiction

In contrast, under specific jurisdiction, a defendant may be sued in this Court if the litigation results from alleged injuries that arose out of or related to their contacts with South Carolina and those contacts were sufficient.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines: "(1) the extent to which the defendant purposefully avail[ed] itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and

5

(3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotations omitted). Each prong must be satisfied. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278–79 (4th Cir. 2009). This analysis focuses on the relationship between the defendant, the forum, and the litigation; therefore, the Supreme Court has emphasized "[t]wo related aspects of this necessary relationship." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Id.* (internal quotation omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Second, [the] minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (internal quotation omitted) (citing *Int'l Shoe Co.*, 326 U.S. at 319).

### *Rule 12(b)(6)*

Under the Rule 12(b)(6) standard, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). To survive the motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### **DISCUSSION**

The Court begins with personal jurisdiction because "[g]enerally, courts must evaluate a motion to dismiss for lack of . . . jurisdiction prior to considering a motion to

6

dismiss for failure to state a claim." *Terry v. First Merit Nat'l Bank*, 75 F. Supp. 3d 499, 507 (D.D.C. 2014).  The Individual Defendants argue that Plaintiff asserts personal jurisdiction over them on the basis of specific jurisdiction.  Upon review the Court agrees. Accordingly, the Court will address whether Plaintiff has sufficiently alleged specific personal jurisdiction over the Individual Defendants.  The undersigned begins with a summary of the Individual Defendants' sworn statements.

### Tepedino

In his sworn statement, Tepedino avers that he has never resided in South Carolina and has resided in New Jersey since 1995.  He states that he does not own any personal property in South Carolina; however, he is a member of a Limited Liability Company that owns two pieces of property in South Carolina.  He states that he has never transacted personal business in South Carolin and that he has no intention to visit, purchase property, work, or reside in South Carolina in the future. ECF No. 12-2.

### Shah

In Shah's sworn statement, he avers that he has never resided in South Carolina and has resided in New Jersey since 1978.  He states that he has never owned property in South Carolina, has never transacted any business in South Carolina, and has no intention to visit, purchase property, work, or reside in South Carolina in the future. ECF No. 12-3.

### DiTrolio

In DiTrolio's declaration, he states that he is and was a resident of New Jersey at all relevant times.  He avers that he accepted employment with Defendant Allstate Sales Group, Inc. in July 2024 as the Chief Financial Officer.  He resigned in July 2025.  He

7

states that he owns no property in South Carolina, has never conducted business in South Carolina, does not work or reside in South Carolina, and has not traveled to or spent time in South Carolina "in connection with any business transactions or dealings that are subject of the previous or present litigation or otherwise." ECF No. 16-1.

### *Specific Personal Jurisdiction*

Under South Carolina's long arm statute, "personal jurisdiction of a non-resident individual cannot rest on the mere fact that a person is an officer or employee of a defendant corporation." *Scurmont LLC v. Firehouse Rest. Grp., Inc.*, No. 4:09-cv-00618-RBH, 2010 WL 11433199, at *12 (D.S.C. May 19, 2010). "Instead, what is required is some showing of direct, personal involvement by the corporate officer in some decision or action which is causally related to the plaintiff's injury." *Id.* (cleaned up). "Direct, personal involvement exists when the defendant is the 'guiding spirit' or 'central figure' behind a challenged corporate activity." *Booze Pops LLC v. Real Est. Flipz, Inc.*, No. 2:20-cv-691-RMG, 2020 WL 3420716, at *6 (D.S.C. June 21, 2020).

Here, Plaintiff's allegations are insufficient to make a prima facie showing of personal jurisdiction over the Individual Defendants. Plaintiff makes general allegations lacking the requisite specificity regarding each Individual Defendant's actions or inactions with respect to the alleged harm suffered by Plaintiff. *See Cap. Resorts Grp., LLC v. Wesley Fin. Grp., LLC*, No. 4:24-CV-03043-JDA, 2025 WL 1047421, at *5 (D.S.C. Apr. 7, 2025) (holding that cases in this district have "concluded that the court did not have personal jurisdiction over corporate officers who had been featured in articles and videos about the company but had visited South Carolina only once, . . . who were not alleged to have personally had any contacts in South Carolina related to the alleged wrongdoing

8

and were involved only in decisions made outside of South Carolina, . . . and who did not negotiate the financial transaction at issue, rarely traveled to South Carolina, and were not specifically alleged to be connected to the plaintiff's causes of action" (internal citations and quotations omitted)).   There are no acts undertaken by the Individual Defendants identified as taking place in South Carolina such that personal jurisdiction would be appropriate in South Carolina.  *See Gault v. Thacher*, 367 F. Supp. 3d 469, 479 (D.S.C. 2018) ("Regardless of whether Thacher was the 'guiding spirit' for some of the Gault's harms, those harms stem solely from decisions made and actions taken in Georgia. The court cannot exercise personal jurisdiction over her as an individual due to 'direct personal involvement' in activities that took place in Georgia.").[1]

As the undersigned has found that Plaintiff failed to make a prima facie showing that this Court has personal jurisdiction over the Individual Defendants, the Court declines to consider the remaining arguments that Plaintiff failed to state a claim against them pursuant to Rule 12(b)(6).  Accordingly, the only issue remaining is whether Plaintiff has sufficiently stated a civil conspiracy claim against ASG.

### Civil Conspiracy

Defendants argue that Plaintiff's civil conspiracy claim fails because he has not alleged any overt acts in furtherance of the purported agreement or conspiracy separate and apart from the acts alleged in support of Plaintiff's other claims and because it is barred by the intra-corporate conspiracy doctrine.  The Court finds that this claim is barred

---

[1] As stated above, Plaintiff asserts specific personal jurisdiction. Even if the Court were to consider general personal jurisdiction, Plaintiff has also failed to make a prima facie showing under the applicable law.

by the intra-corporate conspiracy doctrine and, therefore, declines to reach Defendants' other arguments.

"The intra-corporate conspiracy doctrine recognizes that a corporation cannot conspire with its agent because the agents' acts are the corporations own." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013). There are two exceptions to the intra-corporate conspiracy doctrine: the "Independent Personal Stake" exception and the "Unauthorized Act" exception. *Id.* at 353. The Independent Personal Stake exception is applicable where an agent of the corporation "possesses a personal stake independent of his relationship to the corporation." *Id.* (citation omitted). The Unauthorized Act exception exists "where the agent's acts were not authorized by the corporation." *Id.*

Here, Plaintiff alleges that the Individual Defendnats are officers of ASG; thus, under the intra-corporate conspiracy doctrine, they cannot conspire with each other. Further, there is no indication or allegation that either of the two exceptions applies. Accordingly, this claim is dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, Defendants ASG, Shah, and Trepedino's partial motion to dismiss [12] and Defendant DiTrolio's motion to dismiss [16] are **GRANTED** as set out. Plaintiff's claim for breach of contract against ASG remains pending.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

July 8, 2026
Spartanburg, South Carolina

10